# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3279

_____

Patricia Campbell,

    Appellant,

  v.

Booie Williams; Gail Price; Tim
Leathers; State of Arkansas,

    Appellees.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the Western
\* District of Arkansas.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: April 13, 2001
Filed: April 20, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Patricia Campbell, an employee of the Arkansas Department of Finance and Administration (DFA), brought a 42 U.S.C. § 1983 action against the State of Arkansas and three of its employees. Campbell claimed defendants denied her equal protection and substantive due process by refusing to give her the same kind of job training provided to another new employee of the same sex and race, by gossiping about her and otherwise treating her badly, and by basing refusal of a job change she wanted on co-workers' derogatory comments. She also claimed defendants committed various

state law torts and civil rights violations. The district court[1] dismissed Campbell's federal claims with prejudice and her state claims without prejudice, holding that the State and its employees in their official capacities were immune from suit, and that Campbell had stated no viable federal constitutional claim. Campbell appeals, arguing the court erred in holding that she did not state a claim under section 1983.

Having carefully reviewed the parties' submissions, we agree with the district court that Campbell did not state a claim for denial of either equal protection or substantive due process. See Daniels v. Williams, 474 U.S. 327, 332 (1986) (Constitution "does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society"); Breithaupt v. Abram, 352 U.S. 432, 435 (1957) (conduct that shocks the conscience-- and thus denies substantive due process--is "brutal" and "offensive"); Batra v. Bd of Regents, 79 F.3d 717, 721-22 (8th Cir. 1996) (to deny equal protection, arbitrary or irrational state action must involve intentional unlawful discrimination, without rational relationship to legitimate state purpose; court's review of state action is highly deferential).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.